CHIEF JUSTICE PETERS
delivered the opinion oe the court:
Robert Faucett devised the principal part of his estate, consisting of land and slaves, to his wife, “ during her natural life or widowhood,” and directed, at her death or marriage, that his land, slaves, and personalty should be sold by his executor, and gave specific directions how the proceeds should be divided amongst and held by his children. The slaves he directed to be sold to his children only.
He appointed his son, William Faucett, his sole executor, who qualified and took upon himself the execution of the will.
*512 In September, 1862, after the death of the widow, the land, slaves, and personalty were sold publicly io the highest bidder by the executor, as directed in the will, and William Faucett, the executor, purchased the land at the price of five dollars fifty-one and one half cents per acre.
On the 21st of January, 1864, this action in equity was instituted by William Faucett against the other devisees and heirs of said testator, alleging the foregoing facts, and also that he had paid to the several devisees their respective portions of the price for which the land was sold, which they had received without an objection on their part to the manner of the sale, the price at which' he purchased the land, or that he was the purchaser; that the sale was a fair open sale; that there was competition in the bidding; and the land sold for a full fair price. Pie makes a copy of the will, the receipts of the devisees to him for their respective parts of the purchase money} and the deed of Sanders and wife to himself for their interest in the estate, Mrs. Sanders being a daughter and one of the devisees of testator, parts of his petition, and prays that the sale may be confirmed by the court, and that the devisees and heirs of testator be compelled to convey the land to him.
He furthermore alleges he did not know at the time he bid that it was illegal or improper for him to do so; but believed that, as the sale was open and public, and cried by an auctioneer, he had a I’ight to purchase. On final hearing the petition was dismissed, and it is stated in the judgment that, “the attorney of the defendants consenting thereto, the dismissal is without prejudice;” and to reverse that judgment William Faucett prosecutes this appeal.
The transcript of the record before us shows that process was issued to the counties of Taylor, Casey, and Plart *513 against a part of the defendants, and a warning order taken against those who were proceeded against as nonresidents ; but it does not appear that there was service of process on the resident defendants, and none answered except the guardian ad litem appointed for some of the infants.
There is nothing, therefore, indicating an acquies cence in the sale of the land by those interested, unless it can be inferred from the fact of their reception of the purchase money, and the additional fact that several of them were present at the sale and made no objection. This latter fact is proved by Cowherds, the auctioneer, and the only witness examined.
Whether or not a court of equity should approve the sale in this case, depends upon facts not fully developed in this record.
The doctrine is indisputably established, that a purchase made by a trustee or guardian of the trust property, or by an executor of the estate of his testator, from himself, during the continuance of the fiduciary character of the purchaser, will not be sanctioned or allowed to prevail, unless it be made under the authority of the court, or with the full concurjence and consent of the persons beneficially entitled to tfi.e property, who are competent to consent; and even then it will be regarded with suspicion.
In the absence of such corroborative circumstances, a purchase of this nature, however fair and honest in itself, is voidable at the option of the cestui que trust; nor is it necessary to show that the trustee has made any profit or obtained any advantage by his purchase; but it will be supported if found to be beneficial to the trust estate.
And it is immaterial, in this respect, that the purchase is made at a public sale by auction, or another person *514 as agent for the person standing in the relation of trustee, guardian, executor, &c. (Hill on Trustees, 158-9, side page.)
A trustee or executor will not be permitted to create in himself an interest opposite to that of the party for whom he acts, nor to traffic in the estate for his own emolument (and the same principle applies also to administrators). (5 J. C. R., 409; Mitchum’s heirs vs. Mitchum’s adm'rs, &c., 3 Dana, 260.)
, None of the beneficiaries under the will are shown to have been before the court, either by actual service of process or by voluntary appearance, as no answer was filed except the one filed by the guardian ad litem for the infant defendants; nor does it appear that there was service of summons on the infants; and whether the attorney who consented to the dismissal of the petition represented the non-resident defendants for whom one was appointed or not, we are not informed. But as it is alleged in the petition that the whole of the purchase money has been actually paid to the persons entitled thereto, and receipts exhibited, and it may turn out, upon further investigation, that the purchase was made by appellant with the concurrence and consent of those beneficially interested, and thereby bring the case within one of the exceptions to the general rule, and as it is, moreover, important for all the parties that the estate should be finally settled and wound up, the court below should, by proper proceedings, and after full preparation, either confirm the sale and order a conveyance, or set aside the same upon equitable principles, and order a re-sale of the land. All of which could have been done under the prayer for general relief.
Wherefore, the judgment is reversed, and the cause remanded for further proceedings consistent herewith.