## Smallwood, et ux. v. Lawson, et al.

(Decided February 7, 1919.)

## Appeal from Garrard Circuit Court.

1. Appeal and Error—Finding of Chancellor.—Where there is a conflict in the evidence and upon a review or consideration of the entire record the mind is left in doubt as to the correctness of the judgment appealed from this court will not disturb the findings of the chancellor.

2. Trusts—Removal of Trustee.—If anything interferes to prevent a just and proper discharge of the trust and fiducial duties of the trustee or the trust is not being properly conducted, or by reason of hostility between the trustor and the trustee the court should be convinced that a change in trustees would be advisable, the trustee can be removed.

J. E. ROBINSON and E. H. TOMLINSON for appellants.

L. L. WALKER for W. L. Lawson, Trustee.

WILLIAM HERNDON for infant appellees.

OPINION OF THE COURT BY JUDGE QUIN—Affirming.

Appellant Jesse Smallwood is a colored man about 70 years of age. He has four children, one a son thirty odd years of age, by a former marriage, and three infant children by his last marriage.

In the fall of 1913 a nephew of appellant died, and as an heir-at-law of said nephew he was entitled to an interest in his estate, of an approximate value of $6,000.00.

Appellant lived on the farm of the appellee, Lawson, near Lancaster, for twenty odd years, and appears to have been a faithful and trusted employee, and both employer and employee seem to have had implicit confidence in one another.

Appellant had a half-sister and a son living in Lexington, where the estate was to be settled, and his sister employed an attorney by the name of Ross to represent appellant in the settlement of the nephew's estate. Appellant also requested the appellee, Lawson, to advise with him about it.

When notice was received from the Lexington attorney that they were ready to make a settlement the appellant and appellee, in company with a Mr. Hamilton, went to Lexington and after a conference of about two hours, in the attorney's office, where various things pertaining

to appellant's interest in the estate were discussed, a deed of trust was drawn, in which appellant placed $5,000.00 in trust with the appellee, Lawson, as trustee, with the provision that the appellant should have the income therefrom during his life and after his death his wife should be paid $10.00 per month, the balance of the income, during the lifetime of his wife, to be paid to the infant children; after the death of the wife the entire property to be divided in equal parts among the three infant children.

This deed of trust was duly signed and acknowledged by the appellant and his wife. According to the terms of the deed the trustee was required to give a bond to be approved by the judge of the county court of Garrard county, for the faithful performance of his trust.

Some time after this instrument was acknowledged and recorded it appears that some disagreement arose between the appellant and the appellee, and the appellant was told if he did not do a certain thing he could get off the place, and he did leave the appellee's farm. Later being advised as to the nature of the instrument he had signed, and claiming it was contrary to his expressed wishes and intentions, appellant and his wife brought this suit against the appellee, Lawson, individually and as trustee (the infants being made defendants), in which they alleged that the deed of trust was procured through fraud and undue influence, and asked that it be cancelled and appellee be compelled to turn over to the appellant all the money received by him from the nephew's estate.

According to the testimony of the appellant it was never his intention to put his property in trust; the idea he always had in mind was to buy a farm so that he could have a home in his declining years. He can neither read nor write, and he claims he did not understand the meaning or purport of the deed of trust which was drawn up in the office at Lexington, and now sought to be cancelled; he says the paper was not read to him and he never authorized any one to put his money or property in trust; that he does not know what a trustee is; he says when he went to the clerk's office in Lancaster, to acknowledge and record the paper, one of the clerks read some of it to him; that he put his hand to the pen and walked out: that he thought he was signing a paper to

get his money; his wife, Lucy, testifies to practically the same effect, saying she did not understand the meaning of the paper. The wife says that at the time she went to the clerk's office the paper was read to her but that she did not understand exactly what it was; she thought she was signing a paper to get the money.

The deputy clerk who took the acknowledgment testifies he read the paper to both the appellants; that his custom was to ask parties executing an instrument of any kind whether they understood the nature of what they were signing, but he does not recall whether, according to his custom, he explained this deed to appellants.

For the appellee, the substance of the evidence of the three witnesses testifying is that the attorney, H. E. Ross, had previously drawn a trust agreement for the half-sister of appellant, in which she placed $10,000.00 in trust in the Phoenix-Third Trust Company, of Lexington, and it was suggested it might be a good idea for the appellant to place a part of his money in trust; the details of the trust agreement were gone into, and the nature of the instrument thoroughly explained to the appellant. It was suggested he put it in the same company as the estate of his half-sister, but it was finally agreed that inasmuch as appellant lived in another county it would be better to put it in the name of appellee. Appellant then instructed the attorney to go ahead and prepare the paper. Under the deed he would have an income of approximately $300.00 a year and at his death his wife would receive an amount that would be equal to her dower interest, should the money be invested in land instead of being placed in trust.

It seems from the evidence that the appellee's eldest son, Sam Smallwood, was worth between two and three thousand dollars, and for this reason he received nothing under the trust deed.

It will serve no useful purpose to go into further details as to the evidence, as we think this is a case that falls within the rule announced in Bacon v. Dabney, 183 Ky. 193, this day decided, viz.: that where there is a conflict in the evidence, and upon a review or consideration of the entire record the mind is left in doubt as to the correctness of the judgment appealed from, this court will not disturb the findings of the chancellor. Willoughby, et

al. v. Reynolds, 182 Ky. 1; McGoodwin, et al. v. Shelby, et. al., 182 Ky. 377; Manchester National Bank v. Herndon, 181 Ky. 117; Bond v. Bond, 150 Ky. 389; Byassee v. Evans, 143 Ky. 415.

Under the trust agreement the trustee is to invest.the money in real estate or mortgage notes on real estate, and since it is the evident desire of appellant to own a home, if an advantageous purchase of a farm can be made within the amount placed in trust, and the trustee or the court deem it advisable to make such investment it should be done.

In his answer in this case the trustee states that he is willing at any time to turn over said fund to any trustee the court may select, provided that said trust paper is upheld and sustained. But even though the trustee should refuse to resign, if anything interferes to prevent a just and proper discharge of the trust or fiducial duties of the trustee, or the trust is not being properly conducted, or by reason of hostility between the trustor and the trustee the court should be convinced that a change in trustees would be advisable this can be done.

On one of his early trips to Lexington appellant received about $150.00 from the estate, said payment being made through the attorney Ross, and there is a further sum to be paid the appellant; the trustee testifies that he has paid out certain amounts to and on behalf of the appellant for taxes, doctors' bills, horse, wagon, etc., but any sum to which the appellant might be entitled over and above the amount fixed in the trust deed should be paid to the appellant direct and without further delay. The trustee, of course, will keep a true and accurate account of his trust and make due and proper reports thereof.

Counsel for appellant contends that the testimony of the attorney Ross was incompetent, but we will not enter into a discussion of this matter because the evidence for the appellee, other than that of the attorney, is sufficient to sustain the judgment of the chancellor.

The lower court entered a judgment to the effect that the trust agreement was valid and binding, and free of any fraud in its execution and delivery, and under the familiar rule above referred to we do not feel authorized to disturb the judgment, and same is accordingly affirmed.