## Bacon v. Dabney.

(Decided February 7, 1919.)

### Appeal from Christian Circuit Court.

1. **Appeal and Error—Finding of Chancellor.—**Where the evidence is conflicting and the questions of fact by reason thereof difficult of solution, if upon a consideration of the whole case the mind is left in doubt as to the correctness of the judgment the findings of the chancellor will not be disturbed.

2. **Deeds—Undue Influence—Burden of Proof.—**Where there exists between two persons a relation of confidence and trust, by which one may exert an undue influence over the judgment of the other, and a voluntary conveyance beneficial to the grantee is made, the burden of proof is on the person benefited to show the grantor acted freely and of her own volition.

TRIMBLE & BELL for appellant.

FRANK RIVES and J. C. DUFFY for appellee.

OPINION OF THE COURT BY JUDGE QUIN—Affirming.

The appellant, plaintiff below, is a colored woman about 80 years of age, blind and uneducated; she has been married three times; her second husband was a soldier in the Federal army during the Civil War; in 1890 she received a pension from the government of approximately $1,500.00. By her first husband she had one daughter, Julia; Julia had two sons, one Fields Bentley and the other the appellee, Edward Dabney.

After receiving her pension money plaintiff purchased a lot in the city of Hopkinsville and erected thereon a residence in which she has continuously resided from the time of its completion until the present. This house seems to have been the home for her entire family, including her daughter, during her lifetime, and her son-in-law during his lifetime, and in late years the home of the two grandsons and their wives.

Carrying out her intention, many times expressed, of giving to each of her grandsons a certain portion of her property, she conveyed to Fields Bentley a portion thereof, being what is known as the "lower lot," about 100 feet in width.

In 1911 the appellee was arrested while in Louisville, and so as to secure his release, and at the solicitation of

his father, appellant consented to and did execute a mortgage on the property owned by her in the sum of $190.00, the mortgagee being Mr. Frank Rives, an attorney in Hopkinsville, who is attorney for the appellee in this case. The appellee and his father both promised they would see that the mortgage was paid off, but this was never done.

At the time of the execution of the mortgage in September, 1911, at the request of appellee, and in keeping with her original intention, she testified that she authorized him to have a deed prepared to what she terms her "upper lot," or the garden spot. This would have left her the house in which they all lived, but instead of making a deed to the upper lot alone it appears that the deed, which has been duly acknowledged and recorded, is in fact a conveyance of all her property remaining after the deed to Fields Bentley, being a conveyance to the appellee, Edward Dabney, subject only to a life estate to the appellant and a life estate to appellee's father.

A short time after she discovered the nature and effect of the instrument she had signed (by her mark) and acknowledged, suit was brought to have said deed cancelled and held for naught. The issues were made up and after certain depositions had been taken it appears that by some agreement among the parties the suit was dismissed without prejudice. Some time later the present suit was instituted seeking cancellation of said deed, claiming that the appellee falsely and fraudulently represented to her that said deed only embraced the 100 feet contained in the garden spot. The lower court held that the deed was the voluntary act of the appellant and a reasonable disposition of said property was not obtained by the appellee through any misrepresentation or fraud. The court required appellee to either pay off the mortgage or secure a release of same as to the life interest of the appellant, and the judgment recites that on April 7, 1917, the mortgage lien so far as it affected the life interest of the appellee was released.

According to the testimony of the appellant and those testifying in her behalf she did not intend to convey to the appellee anything more than the garden spot, her idea being to retain her home; but, on the other hand, the deed was prepared by Mr. Frank Rives, an honorable and respected member of the Hopkinsville bar.

Counsel for appellant make it clear in their brief they are not charging that Mr. Rives in any way misrepresented the purport or meaning of the deed to the appellant, or even failed to make such explanation to her as the circumstances may seem to have warranted, counsels' contention being that appellant did not understand the nature or effect of the deed, as she was relying on the statement made to her by appellee, and notwithstanding the explanation by Mr. Rives, she still had in mind she was conveying only the upper lot.

Mr. Rives testified at great length as to the conversation with the appellant leading up to the drafting of the deed, and its final execution. He says that Aunt Jane, as she is called in the record, told him she wanted to deed Ed, the appellee, the balance of the property; that he read the deed over to her two or three times; talked with her about it and asked her if she understood it and she said she did, and he says George Dabney, the appellee's father, was insisting he was entitled to one-half the place, and he (Rives) suggested that she give George a life interest in the deed to satisfy him, and having thus fully explained the entire matter to Aunt Jane she told him to make the deed, which he did.

It is a well settled principle of law that where the evidence is conflicting, and the questions of fact by reason thereof difficult of solution, if upon a consideration of the whole case the mind is left in doubt as to the correctness of the judgment, the finding of the chancellor will not be disturbed. Willoughby, et al. v. Reynolds, et al., 182 Ky. 1; McGoodwin, et al. v. Shelby, et al., 182 Ky. 377; Manchester National Bank v. Herndon, 181 Ky. 117; Bond v. Bond, 150 Ky. 389.

The chancellor being familiar with the neighborhood where the case was tried and doubtless personally acquainted with the parties and witnesses, and probably knowing the location and character of the property involved, his judgment should not be reversed where the proof is contradictory, unless in the opinion of this court the judgment is against the decided weight of the evidence. We find a conflict in the evidence in this case, but cannot say that the decided weight is one way or the other. The fact that the first suit was dismissed; that the mortgage has been released as to the appellant's life interest; that it seems to have been her purpose to

treat the two grandsons alike; and while the evidence as to the value of the property conveyed to the two grandsons is indefinite and unsatisfactory, even though the appellee gets the house and the garden spot the value of the property he receives is not so great as that received by Fields Bentley, the evidence being that Fields Bentley received property worth approximately $2,000.00, while the property conveyed in the deed sought to be cancelled is not worth over $800.00. Aunt Jane still receives a pension from the government, and is being cared for by Fields Bentley and his wife, although the appellee and his wife live in the same house, and occasionally render her some assistance.

We are not unmindful of the line of cases holding where there exists between two persons a relation of confidence and trust by which one may exert an undue influence over the judgment of the other, that where a voluntary conveyance beneficial to the grantee is made, the burden of proof is on the person benefited to show the grantor acted freely and of her own volition. Hoeb v. Maschinot, 140 Ky. 330. But after a thorough and careful study of this record we cannot say the evidence is such as to justify us in overruling the findings of the chancellor.

For the reasons stated the judgment will have to be affirmed.