## Tutt v. Smith, Administrator, etc.

(Decided June 13, 1919.)

### Appeal from Wolfe Circuit Court.

1. Appeal and Error—Finding of Chancellor.—Upon an issue of fact where the evidence is conflicting, unless the court is convinced that the chancellor has erred to the prejudice of the substantial rights of the appellant an affirmance must be had.

2. Appeal and Error—Finding of Chancellor.—The finding of the chancellor will not be disturbed where upon a consideration of the whole case the mind is left in doubt as to the correctness of the judgment appealed from.

G. T. CENTER, HAZELRIGG & HAZELRIGG and W. L. KASH for appellant.

A. F. LYKINS, G. B. STAMPER, S. MONROE NICKELL and G. C. ALLEN for appellees.

OPINION OF THE COURT BY JUDGE QUIN—Affirming.

Appellant is the widow of S. M. Tutt, who died intestate in October, 1913.  As the result of two previous marriages he had eight children; an only child of the third marriage died in infancy.

Being unable to agree on the appointment of an administrator, after much delay, appellee was finally selected and having qualified, entered upon the discharge of his duties.  J. H. Stamper, a son-in-law of decedent, appears to have taken an active part in the affairs of the estate. With the exception of the shares of the children of a deceased daughter, he purchased the interests of the several children; he also purchased appellant's dower in all the lands owned by her husband.

Appellant was a good business woman and for a number of years had active charge of the farm on which they

resided. She seems at times to have done everything necessary on the place, from looking after her stepchildren to building fences and hoeing corn. She kept a separate account of her stewardship. By gift and purchase she claimed much of the livestock and their progeny, and to the question of the ownership of these, counsel have devoted many pages of testimony. The record is replete with charges and countercharges, criminations and recriminations. It is claimed that fictitious receipts and credits were filed; erroneous charges made; witnesses intimidated; articles hidden from the appraisers; certain personalty unaccounted for; the minutes of arbitrators lent one of the parties never returned. These are some of the accusations to be found in the record.

Through the influence of Stamper, appellant's appointment as administratrix was enjoined; she sued Stamper in the quarterly court on a board bill; she brought two suits against appellee, one to prevent him from selling some bacon, lard, lumber, livestock, etc., which she claimed as her own; the other was a settlement suit in which she sought judgment for $1,635.00, due her from the estate on account, also $349.50 balance due her as exemption under the statute. Later appellee brought suit against appellant for $1,900.00, due on account and for a settlement of the estate. Thus it will be seen that the interested parties are rather litigious.

While all four of these cases were pending the parties, appellant, appellee and Stamper, agreed to arbitrate their differences; two of the arbitrators were selected by appellant, the third by appellee and Stamper. The arbitrators were in session six days and after hearing the evidence and the arguments of counsel, they brought in their award, in which, as between the parties, the several suits were ordered dismissed; an adjustment of costs was made, appellant was given the food stuffs and livestock mentioned in her first suit; the ownership of a tract of about 14 acres was adjudged to the estate of decedent; appellant was held to be in possession of certain personal property that had not been appraised, and on a settlement of her account with the estate it was found she had received $220.11 over and above the amount she had expended, and this sum she was ordered to pay to the estate, appellant and Stamper to pay the costs of the arbitration.

May 10, 1915, appellee filed another suit against appellant in which the agreement to arbitrate is set out, together with the award and it is alleged that appellant refused to comply with its terms and an attachment was asked against her property.

Thereafter appellant filed eleven exceptions to the award. Various pleadings were filed in the several actions. Prior to the arbitration agreement the consolidated cases on appellant's motion were referred to a master to hear proof and make due report to the court. In the meantime the papers in the case disappeared and a special commissioner had to be appointed to supply them.

It does not appear what became of the report of the master, if any was filed. On final submission the court sustained exceptions to so much of the award as adjudged title in the 14 acre tract to the Tutt estate; in all other respects the award was upheld. And it is to reverse this judgment that this appeal has been taken.

As will readily be seen the real issue here is one of fact; the evidence is conflicting, and unless this court is convinced that the chancellor has erred to the prejudice of the substantial rights of appellant, an affirmance must be had. The finding of the chancellor will not be disturbed where, upon a consideration of the whole case, the mind is left in doubt as to the correctness of the judgment. Herzog, et al. v. Gipson, et al., 170 Ky. 325; Bacon v. Dabney, 183 Ky. 193. Thus considered the record in this case is not such as to authorize us to direct a reversal. The arbitrators, two of whom were appellant's selection, returned a unanimous award, and this was affirmed by the chancellor, except as to the title to a small tract of land. Many of the witnesses were related to both parties; the merits and demerits of the parties and their proof are about equal.

The chancellor and the arbitrators doubtless were personally acquainted with most of those who testified and when we consider this fact and the nature of the case and the evidence we cannot say they were not justified in reaching the conclusions they did.

It is claimed (1) two of the arbitrators were prejudiced against appellant because they awarded the tract of land to the Tutt estate; (2) one had a grievance because appellant refused to join her husband in the execu-

tion of a note to him; this was a considerable time prior to the arbitration; (3) another of the arbitrators was a candidate for circuit clerk, and though Stamper pretended to be for his opponent, he became an ardent supporter of said arbitrator after the award—the proof is that Stamper resided in another county and had no vote in the election for that office; (4) that one of the arbitrators was not present all the time; this is true; he was the county school superintendent, and one day was compelled to spend about three hours with his board, but when he returned his colleagues explained to him what had been done in his absence; he went over their work and approved it.

The award and judgment are said to be erroneous because appellant was not allowed the balance of her statutory exemption, and for the further reason that the account as stated by her was not accepted as correct. But in each of these respects there is a conflict in the evidence, and full consideration and credit have been given to all her claims and we are not persuaded appellant has not received every cent to which she is entitled. More weight would be attached to the charge of fraud, passion, prejudice and partiality on the part of two of the arbitrators were it not for the testimony of the third, who was one of those selected by appellant, introduced as her witness, and he testifies that the award was his verdict, and he saw no evidence of unfairness on the part of the other two. He acted as secretary, heard all the testimony, kept the minutes; the latter be lent to appellant at her request, and though he requested her to return the minutes, so borrowed, she has never done so.

We deem further comment unnecesary, being satisfied the judgment of the lower court, measured by the rule stated, should be affirmed and it is accordingly so ordered.