## Jones v. Stamps.

(Decided March 24, 1922.)

### Appeal from Allen Circuit Court.

1. Deeds—Setting Aside—Mental Capacity.—A grantor, seeking to have a deed to real estate set aside on the ground that at the time it was executed he was of unsound mind, must show such mental infirmity at that time as rendered him incapable of understanding the contract and its probable effect.

2. Appeal and Error—Finding of Chancellor.—Evidence examined and held to sustain the finding of the chancellor that the grantor in the deed in controversy was at the time of the execution of the instrument capable of understanding the consequences of his act.

EVANS & MILLIKEN and F. R. GOAD for appellant.

OLIVER & DIXON for appellee.

OPINION OF THE COURT BY JUDGE MOORMAN—Affirming.

Willie Jones, the appellant, is attacking the validity of a deed of January 20, 1915, by which he conveyed to Myrtle Stamps, the appellee, a tract of 171 acres of land in Allen county. He seeks to have the conveyance set aside on the ground that at the time it was made he was of unsound mind.

In 1909 the appellee, who was then a widow with two children by her former husband, married appellant. Her former husband, Charles Stamps, owned the farm in con-

troversy when he died and appellee, having a dower interest in it but desiring to purchase a home in her own name, filed suit in the Allen circuit court for a sale of the land and a division of the proceeds, according to the rights of the interested parties. The land was sold to Hershel Calvert for $2,250.00.

Believing that the purchase price was inadequate, appellee filed exceptions to the commissioner's report of sale but they were overruled and the land conveyed to the purchaser. The $2,250.00 was apportioned among appellee and her two children as required by the statutes. With the view of repossessing herself of the land, appellee, through appellant, as she claims, entered into negotiations with Calvert to that end, which resulted in an agreement on his part to sell it for $3,000.00. In order to raise the money it was necessary to sell the timber on the land. Appellant sold the timber for $1,000.00 and, using that money with that which appellee received for her dower interest and an additional sum secured as a loan from the guardian of the children, all amounting to $3,000.00, the land was purchased. The deed, however, was taken in appellant's name.

It is contended for appellee that the understanding between her and appellant was that the deed should be taken in her name, and that she did not discover that it had not been so taken until 1915. On discovery of that fact she instituted a suit in the Allen circuit court for divorce, and within a few days she and appellant entered into an agreement, in the form provided by section 70, Kentucky Statutes, to arbitrate the controversy existing beween them as to their property rights. The arbitrators duly and regularly awarded the land to appellee and gave to appellant certain personal property then on the farm.

In final adjustment of the controversy appellant conveyed the farm to appellee on February 20, 1915. In April, 1915, appellant was adjudged insane and sent to the asylum for the insane at Hopkinsville, Kentucky. Later being released from the asylum he returned to Allen county and in another proceeding was adjudged of sound mind and then brought this suit to set aside the deed. On the hearing the chancellor denied the relief sought and dismissed the petition.

Several questions are raised on this appeal, but the main argument is that at the time the deed was executed appellant was incapable of comprehending the subject of the contract, its nature and probable consequences.

The evidence on this issue need not be detailed, but, considering it in relation to the burden assumed, we are of opinion that the contention is not sustained. That appellant suffered a mental collapse shortly after the deed was executed may be conceded; it was probably attributable to the strain to which he had been put during the negotiations looking to a settlement of his differences with appellee. But it is not shown that when the deed was executed he was incapable of understanding the consequences of his act. Had appellee introduced no evidence we would not feel justified in holding that the deed should be abrogated. Citation of authority sustaining this view is unnecessary. The rule is that the mental infirmity must extend to inability to understand the contract and its probable consequences. Such infirmity on the part of appellant at the time the deed was made is not shown to have existed. In our view the judgment of the circuit court is correct.

It is, therefore, affirmed.