## Risner et al. v. Risner et al.

(Decided Nov. 19, 1935.)

W. R. PRATER and C. A. BACH for appellants.

H. H. RAMEY for appellees.

OPINION OF THE COURT BY CREAL, COMMISSIONER— Reversing.

K. N. Risner, a resident of Magoffin county, died intestate in February, 1932. He owned some real estate and also personal property sufficient to pay all debts and obligations against his estate. His wife preceded him in death. He had a large family of children, two of whom died, each leaving a number of children.

In June, 1932, Grant Risner and some of the other children and heirs at law of decedent, K. N. Risner, instituted this action against Loretta Risner, the widow, and J. P. Risner and others, as the children and heirs at law of Robert Risner, deceased son of K. N. Risner, and against Sarah Collingworth, daughter of K. N. Risner, and her husband, Marion Collingworth, setting up the foregoing facts and alleging that at the time of his death K. N. Risner owned two tracts of land in Magoffin county which were fully described in the petition. They further alleged that in his lifetime K. N. Risner advanced to each of his children, except defendant Sarah Collingworth, the sum of $1,150 which he charged against them as advancements; that he advanced to the latter the sum of $1,400 which was accepted by her in full of all of her interest in any real estate which might be owned by him at the time of his death, and by reason thereof, she was not entitled to any interest in the real estate referred to in the petition, but that the other children, having received equal advancements, were entitled to share equally in the division of such land. They asked for a division of the land as provided by law among the children and heirs at law of decedent except Sarah Collingworth.

The widow and children of Robert Risner, deceased, filed a separate answer and cross-petition against plaintiffs and the defendants Sarah and Marion Collingworth, and denied that at the time of his death K. N. Risner owned the second tract described and referred to in the petition as the Gabe Jackson tract or any interest therein, and alleged that at the time of the death of K. N. Risner, they were the owners and in possession of all the second tract; that a portion thereof was conveyed to them by K. N. Risner by deed referred to in the petition of date September 20, 1922, and that the remainder was conveyed to Robert Risner by Katherine Patrick and Mary Patrick, her husband, at the direction of K. N. Risner. They also asserted title to the second tract by adverse possession.

On April 11, 1934, Loretta Risner and children and the heirs at law of Robert Risner, deceased, filed an amended answer and cross-petition alleging that on March 17, 1930, K. N. Risner for a valuable consideration paid by Robert Risner caused a deed to be executed by Katherine Patrick and her husband to Robert Risner for the lower end of the Gabe Jackson farm, Katherine Patrick and K. N. Risner owning such land jointly, the deed being made for the purpose of making a division of the land so jointly owned; that after the execution of the deed from Katherine Patrick and husband to Robert Risner and after the death of the latter, the validity of the deed was called in question, thereupon K. N. Risner in consideration of the purchase price paid by Robert Risner did on May 22, 1926, execute and deliver to the children of Robert Risner a deed for the land described as tract No. 2 as set out in the petition. This deed was recorded on November 5, 1932, and after the original answer and cross-petition had been filed. While the case was prepared on the theory that it would be relied upon by appellants, the amended pleading setting it up was not filed until after proof had been taken.

By pleading styled amended petition filed on April 17, 1934, plaintiffs alleged that the deed purporting to have been executed by K. N. Risner to the children of Robert Risner on May 22, 1926, and filed with the amended answer, if executed at all, was executed for the recited consideration of $175, when at the time the land was worth at least $1,500; that the consideration alleged to have been paid therefor was grossly and wholly inadequate; that at the time the grantor was living and residing with the defendants who were his grandchildren and was in poor and infirm health and very old and under the control and domination of the answering defendants, especially Peter Risner; that if executed at all, it was not for the recited consideration, but because of the influence and persuasion of defendants.

Plaintiffs also filed a reply to the amended answer and cross-petition, and, in addition to a general denial of the allegations thereof, alleged that the deed referred to therein, if executed at all, was executed without any consideration whatsoever or for a grossly inadequate consideration; that the deed was not executed or delivered by K. N. Risner, and it was not his act and deed

and that same was not presented or filed until after the issues had been formed and was not recorded for more than six years after its alleged execution.

By answer to the amended petition and by a rejoinder, the defendants traversed the affirmative allegations of the amended petition and reply and interposed a plea of limitation to the attack upon the validity of the deed from K. N. Risner to them referred to in their amended answer. By agreed order the affirmative matter in these pleadings was traversed of record, thus completing the issues.

On final hearing it was adjudged that plaintiffs were entitled to the relief sought and that the defendants' answer and cross-petition as amended in so far as it set up title to the second tract of land described in the petition be dismissed and that the deed filed with the defendants' pleading purporting to have been executed by K. N. Risner to the children of Robert Risner, deceased, under date of May 22, 1926, be canceled, set aside, and held for nought; and commissioners were designated to divide all the lands described in the petition in conformity with the prayer thereof.

From so much of the judgment as dismissed their answer and cross-petition and held the deed from K. N. Risner to them to be void and of no effect, defendants, other than Sarah Collingworth and husband, are appealing.

It does not seem to be seriously contended by appellants that the land in controversy or any part thereof is covered by the deed from K. N. Risner to Robert Risner or his children and charged to them as an advancement, however, the conclusion we have reached with respect to the deed from Katherine Patrick and husband to Robert Risner and the deed from K. N. Risner to the children of Robert Risner of date May 22, 1926, renders that question of no vital importance.

Appellants have utterly failed to establish their claim of title by adverse holding, and therefore if their claim of title to the land in controversy is to be sustained, it must be under a conveyance to them or to their father. As appears in the petition, the second tract therein described is a portion of a tract of land formerly owned by Gabriel Jackson and referred to as the Gabe Jackson land. It appears in evidence that

Gabe Jackson died leaving five children, two of whom conveyed their one-fifth undivided interest each therein to Katherine Patrick and three of whom conveyed their on-fifth undivided interest each therein to K. N. Risner. On August 17, 1901, K. N. Risner and wife executed and delivered to Katherine Patrick a deed, wherein it was recited:

"That the said parties of the first part for and in consideration of the sum of One Dollar and the further consideration of making between the parties of the first part and the party of the second part a deed of partition to their respective interests in and to the land known as the Gabe Jackson land of which the said parties of the first part are the owners of Three Fifth 3/5 interest by deed and the party of the second part of 2/5 interest. * * *"

In describing the lands conveyed by the deed, reference is made to a cross-fence as it stood upon the land as being the line agreed upon as a division line between the respective interests of the parties. On the same date, Katherine Patrick and Marion Patrick, her husband, executed and delivered to Robert Risner a deed wherein it is recited:

"That the said parties of the first part for and in consideration of the sum of Fifty Dollars [$50.00] and the further consideration of making between the parties of the first part and the party of the second part a deed of partition to their respective interest in and to the land known as the Gabe Jackson land of which the said parties of the first part are the owners of [2/5], two fifths by deed and K. N. Risner, owner of [3/5], three fifths, by deed. * * *"

In the description of the land conveyed, the same reference was made to the cross-fence as agreed upon as a division line between the respective interest of the parties. The original deed from K. N. Risner to the children of Robert Risner dated May 22, 1926, is in the record. This is on a form printed by the Standard Printing Company of Louisville and the recited consideration and the description of the property conveyed was inserted with a typewriter. The name of the parties has been inserted with a pen, and following the de-

scription of the property is a provision also inserted with a pen that, "Party of the first part is to have control of the above described tract of land his lifetime." It is not denied that this deed covers the land in controversy, but the real controversy involves its validity.

Briefly stated, the evidence relied on by appellees to sustain the chancellor's finding is that K. N. Risner at the time of his death was about eighty years of age; that on May 22, 1926, the date of the deed to the children of Robert Risner, he was residing with appellants and that the recited consideration for the conveyance was $175. Two or three witnesses, who were qualified to speak on the subject and the only ones who testified concerning it, gave as their opinion that on the date the deed was made, the land was worth $1,500 or $1,600. A representative of the Standard Printing Company testified that the form on which the deed was written and which is designated as form 44 had been changed from time to time and that, as shown by the records of the company, the particular form on which the deed was prepared was not printed or distributed before some time in June, 1926. There is also evidence that after the date of the deed and up until his death, K. N. Risner exercised acts of ownership and control over the lands in controversy such as renting it and collecting rents, executing an oil lease, having a controversy with an adjoining owner over a division line, making a statement that this was his land, and pointing out the dividing lines between it and the land of Robert Risner's heirs.

On October 26, 1928, K. N. Risner acknowledged and on March 29, 1932, caused to be recorded a writing setting out the advancements he had made to his children. In this writing it is recited that he executed a deed to the heirs of Robert Risner, wherein it was provided that they were not to have any further interest in his estate, and he further provided in the writing that the deed to them was to operate as an advancement valued at $1,150 and that they should share with other heirs in any estate owned by him at the time of his death. Price Holbrook, the notary public, who took K. N. Risner's acknowledgment to the deed dated May 22, 1926, was a nephew of Loretta Risner and a cousin to the grantees in the deed. Appellee also places great reliance on the evidence as to what was said at the time the

deed was alleged to have been executed and the fact that it was withheld from record for so long. On the other hand, the evidence for appellants tends to show that down to the death of K. N. Risner, he was a man of business capacity and continued to look after his own affairs. Bankers and others who were acquainted with his signature gave as their opinion that the signature to the deed was in his handwriting. Other documents bearing his signature were introduced in evidence and are found in the record and these bear a striking similarity to the signature to the deed. There is also evidence of witnesses as to statements made by him to the effect that the land in controversy was the land of Robert Risner's heirs or that it was his intention that they should have it at his death. Price Holbrook, who took the acknowledgment to the deed, stated that the grantor read it and inserted the provision following the description of the property conveyed retaining control thereof during his lifetime. He testified that in filling in the certificate he made some blots and blurs and that the grantor reprimanded him and told him he should be careful in such matters; that after he had completed the certificate he handed the deed to the grantor who turned it over to Peter Risner, one of the grantees, and stated in effect that it made the title to the land good, but he need never record it unless he needed it, and that he also said something about some of his children being queer. There is also evidence that subsequent to May 22, 1926, K. N. Risner joined with appellants in an oil lease to certain lands which some of the witnesses include in the land in controversy.

From a consideration of the record as a whole, the conclusion is inescapable that it was intended by all parties concerned in the partitioning of the Gabe Jackson land in 1901 that the interest of K. N. Risner therein should be conveyed to Robert Risner. Notwithstanding the evidence of the representative of the Standard Printing Company concerning the time when the form used in making the deed was printed, the evidence as a whole strongly preponderates to show that the deed is genuine. Apart from the evidence that K. N. Risner was an old man and lived with appellants when the deed is claimed to have been made, there is no evidence to show that he was so mentally or physically infirm as not to know and fully appreciate the nature, character, and effect of his transaction and absolutely nothing

more to show that he was under the dominion or control of appellants.

One possessed with mental ability sufficient to comprehend what he is doing and to understand the nature of his acts and to weigh and appreciate its consequences has capacity to make a deed (Jones v. Stamps, 194 Ky. 377, 238 S. W. 762; Williams v. Reese, 177 Ky. 679, 198 S. W. 27; Lewis v. Lewis, 224 Ky. 18, 4 S. W. [2d] 1106), and in the absence of fraud or undue influence, may give his land to near relatives or sell it for less than it is worth (Belcher v. Belcher, 202 Ky. 104, 259 S. W. 54). While inadequacy of consideration may be considered in evidence as bearing on the question of mental incapacity or undue influence, it alone is not sufficient to authorize the setting aside of this deed. In this connection it may be said that there is in fact no evidence of inadequate consideration at the time K. N. Risner agreed and attempted to have the land in controversy conveyed to his son Robert Risner; that, as has already been indicated, was in 1901 or a quarter of century before he made the deed to Robert Risner's children. There is no evidence as to what the value of the land was at that time, and it is a matter of common knowledge that land values were not as great then as they were when the deed was executed. The deed recited that the purchase price recited was paid by Robert Risner. There is nothing in the evidence concerning the statement of K. N. Risner or his acts and conduct with respect to the land in controversy that is inconsistent with appellants' claim, since he retained the control of the land during his lifetime and he had a right to rent it and collect the rents and to exercise acts of ownership and no doubt did regard it as his own land so long as he lived; nor do we regard the evidence as to his statements when the deed was executed as unfavorable to appellants. It is apparent that some question had been voiced concerning appellants' title under the Patrick deed, and the later deed was made to protect them in the event their title was ever called in question. It is therefore easy to understand why he thought it unnecessary to record the deed unless such contingency arose. Nor do we think the fact that K. N. Risner executed and acknowledged the instrument showing the advancement made to his various children and causing same to be recorded militates against appellants. It does show, however, that he had an understanding of his

affairs and his estate and wanted it to be disposed of according to wishes which he had apparently long entertained. This was merely to show the advancement made to his children and it was unnecessary for him to recite that he had conveyed other lands to some of them and there was no reason why he should do so.

It is true that courts look with suspicion upon and will closely scrutinize acts between persons sustaining confidential relations, especially where one of the parties is very old or infirm and will impose upon persons receiving the benefit of such transactions the burden of showing that it was freely and voluntarily entered into and that the one making the conveyance was mentally competent to understand the nature and effect of the transaction, etc. See Maddox v. Maddox, 258 Ky. 121, 79 S. W. (2d) 402. However, as we view the record, this burden, if in the circumstances it was upon appellants, was fully met, and therefore the court erred in dismissing appellants' answer and cross-petition and in canceling, setting aside, and holding the deed of May 22, 1926, to be null and void.

Wherefore the judgment is reversed with directions to enter judgment in conformity with this opinion.