## Hite's Administrator v. Hite's Executor.

(Decided Oct. 27, 1936.)

OSCAR M. SMITH for appellant.

I. G. MASON, J. WILBUR WADE and J. U. WADE for appellee.

OPINION OF THE COURT BY CREAL, COMMISSIONER— Affirming.

On March 31, 1932, Henry Hite, a negro bachelor about 84 years of age, died at the home of Cain Gibson in Bowling Green in Warren county and, following his death, a writing purporting to be his will was duly probated as such in the county court of that county.

In August 1932, Sim Calloway was by order of the county court of Logan county appointed administrator of the estate of Henry Hite and thereupon qualified as such. On August 27, 1932, he instituted this action in equity in the Warren circuit court against Cain Gibson, alleging in substance that at the time of his death Henry Hite was a resident of Logan, and not of Warren, county, and that the Warren county court, under an honest yet erroneous view as to the residence of Henry Hite, undertook to make an order appointing Cain Gibson executor under the alleged will of decedent, which order for the reasons indicated was void, since that court was without authority to probate the will, if any there was, or to appoint an executor thereunder; that Cain Gibson, acting under the void order of the Warren county court, had taken possession of personal effects and was attempting to administer upon same and had instituted suit seeking to sell the land of decedent.

He prayed that he be declared the duly appointed, qualified, and acting administrator of Henry Hite and defendant be declared not to be executor of Henry Hite and that he be required to turn over to plaintiff all property belonging to the estate of decedent and be enjoined from further attempting to act as executor.

A judgment sustaining a demurrer to and dismissing the petition was on appeal reversed by an opinion

reported in Hite's Adm'r v. Gibson, 251 Ky. 651, 65 S. W. (2d) 731.

On a return of the case, an issue was made by appropriate pleading and orders as to the residence of Henry Hite at the time of his death; that is, whether in Logan or Warren county. After considerable proof bearing on that issue was taken, the chancellor on final hearing held that plaintiff had failed to establish the allegations of his petition and that the weight of evidence was with the defendant and adjudged that the prayer of the petition and the relief asked be denied. Plaintiff is again appealing.

Section 3894, Kentucky Statutes, reads:

"When any person shall die intestate, that court shall have jurisdiction to grant administration on his estate that would have had jurisdiction to probate his will, had he made one."

Section 4849, Kentucky Statutes, provides:

"Wills shall be proved before, and admitted to record by, the county court of the county testator's residence; if he had no known place of residence in this Commonwealth, and land is devised, then in the county where the land, or part thereof, lies; if no land is devised, then in the county where he died, or that wherein his estate, or part thereof, shall be, or where there may be any debt or demand owing to him."

These are the statutes fixing jurisdiction in matters of appointing administrators and probate proceedings and it is apparent, as is agreed by counsel for respective parties, that our task is to determine from the evidence the residence of Henry Hite within the contemplation and meaning of section 4849.

As disclosed by the record, Henry Hite was born and reared in or near Adairville in Logan county. While not so stated, we assume he was a Union soldier in the war between the states, since he was drawing a pension of $75 per month from the United States government. Witnesses for both sides are in agreement that for some years prior to about 1930 he made his home with Blanche Moore, a relative, at or near Adairville, although there is evidence that many years ago he spent a considerable portion of his time with Sim Calloway or his people in Todd county.

Sim Calloway testified that in January, 1930, he purchased a farm in Logan county which appears was in the Ferguson voting precinct. Shortly after he moved to the farm, during that year, Hite moved all his personal belongings and signified his intention to make that his home and lived there until November, 1931, when he left to go to Bowling Green to have a fence put around some property he owned there. On leaving he stated that he would return in two or three weeks. Shortly after his arrival in Bowling Green he was stricken with an illness from which he never recovered and died at the home of Cain Gibson in March, 1932. A number of witnesses, both white and colored, corroborated Sim Calloway concerning the residence of Hite on the latter's farm, and he is further corroborated in his statements that, after Hite became ill at Bowling Green, he expressed a desire and intention to return to Calloway's home. It is further in evidence that decedent always did his banking business with a bank in Adairville and had his pension check mailed to that place. He voted at Adairville and, while requested by Calloway to vote at Ferguson, he refused, stating that he always had and would continue to vote at Adairville. There is some evidence that he voted there in November, 1931, but the evidence is doubtful and confusing concerning that point. He owned a farm near Adairville which was listed in his name for taxation, and his tax bills for some years prior to his death, and up to and including 1931, included a poll tax which he paid, although under the statute he was not subject to such tax. It is not clear whether he signed the assessment schedules or whether they were merely copied from former lists, as is often the custom when the taxpayer is not found by the tax commissioner. There is also evidence of statements by Hite that he had taken up permanent abode at Sim Calloway's.

Cain Gibson testified that Hite had lived with him and his wife, who was a relative, for a number of years prior to his death and after he left the home of Blanche Moore, and in this he was corroborated by a number of colored witnesses, some of whom testified that he had stated that that was his home. He owned real estate in Warren county, and there is in evidence a deed from Henry Hite to Mattie Gibson, wife of Cain Gibson, dated January 8, 1932, whereby he conveyed to her a house and lot in Bowling Green, and in it the residence of the

grantor is given as Warren county. The recited consideration in part reads:

> "That for and in consideration of the love and affection and the further consideration that the said Mattie Gibson being related to me, has cared and provided for me a home for some time past, waiting on me in my old age. * * * "

We also find in the record a stipulation that the purported will of Henry Hite, which had been duly probated in the Warren county court, contained this language:

> "I am a pensioner, getting $75.00 per month from the U. S. government—and outside of this money, I have no great amount of personalty and no fixed home, except, where I am now living at Mrs. Mattie Gibson's, a relative of mine in Bowling Green, Kentucky, and there the room with the necessary attention and services are given me by the family, and I feel under no legal or moral obligation to any one else."

It has been a subject of comment in this court that the determination as to what is or was one's residence is often a difficult problem, and, as said in the case of Burr's Adm'r v. Hatter et al., 240 Ky. 721, 43 S. W. (2d) 26, 27, "to determine it no satisfactory uniform rules have been evolved, but the consideration and weight to be given different states of fact, apparently conflicting, have been declared. Each case must be disposed of on its own peculiar facts."

To add to the confusion arising from the conflicting evidence above recited, it appears that, from the pension he received, Henry Hite was enabled to and did spend much of his time at leisure. He was a fisherman and hunter, and these sports and a general nomadic inclination led him from place to place. In these wanderings he would be absent from what he had called his home for weeks at a time.

From a number of authorities dealing with different phases of the question these general rules may be deducted: "Residence" as used in section 4849 of the statute means "domicile" or "legal domicile." "It has come to mean that place to which a man's rights and obligations * * * are referred and by which his legal

status, public and private, is determined." "Intention is the dominant factor in determining" the question of domicile. See Robinson v. Paxton, 210 Ky. 575, 276 S. W. 500; Burr's Adm'r v. Hatter et al., 240 Ky. 721, 43 S. W. (2d) 26; Wheeler, Tax Commissioner v. Burgess, 263 Ky. 693, 93 S. W. (2d) 351; Johnson v. Harvey, 261 Ky. 522, 88 S. W. (2d) 42, 46. Exhaustive discussion, citation, and review of authorities bearing on the question will be found in those opinions. As indicated in those authorities, one may have a number of places of abode which he may call his home or his residence, as the latter term is often used, but he can have but one domicile, which, when once acquired, continues until changed in a legal manner, as by abandoning it and taking up another with the intention to make it permanent for an indefinite time.

There is an established rule recognized in the foregoing cases and many others therein cited, that the burden of establishing a change of domicile is upon the one asserting it. The evidence is persuasive, if not conclusive, that in former years the domicile or legal residence of Henry Hite was in Logan county, and there is considerable showing that it remained there; however, the evidence of numerous witnesses that Henry Hite left his home at Blanche Moore's with an expressed intention to go to Bowling Green to live and make his permanent residence with the Gibsons is also persuasive, and this, fortified by recitations in the deed to Mattie Gibson and in the writing purporting to be his will, makes out a strong case for appellee.

Notwithstanding some evidence to the contrary, it will be seen that there is much evidence strongly tending to support the chancellor's finding, and, to say the least, this case is illustrative of the wisdom of the established rule that, where the chancellor's finding is in accord with the weight of the evidence or where merely a doubt remains concerning the correctness of the judgment, it should not be disturbed. Clow Gas Steam Heating Co. v. Crowell, 262 Ky. 136, 89 S. W. (2d) 627; Petrey's Adm'r v. Petrey, 262 Ky. 222, 90 S. W. (2d) 4; Henson v. Jones, 247 Ky. 465, 57 S. W. (2d) 498.

Judgment affirmed; whole court sitting.