UNITED STATES FIDELITY & GUARANTY CO., Appellant,

v.

Roxie LAIRSON, d/b/a Lairson Cafe, Appellee.

Court of Appeals of Kentucky.

Oct. 8, 1954.

William O. Ware, Covington, for appellant.

Stanley Chrisman, Covington, for appellee.

SIMS, Justice.

Appellee, Roxie Lairson, doing business as Lairson Cafe, recovered judgment for $315 against appellant, United States Fidelity & Guaranty Company on a burglary insurance policy. On its motion for an appeal the company contends the court erred: 1. In failing to direct a verdict in its favor; 2. in permitting the insured over the company's objection to introduce testimony as to $90 having been stolen from a cash drawer and $60 from a music box in the cafe; 3. the instructions erroneously permitted a recovery of the money stolen when it was not covered by the policy.

There is no merit in the company's contention that it was entitled to a directed verdict. Only two witnesses testified, Mrs. Lairson and her husband. Both stated that the cafe was burglarized in the early morning hours of June 30, 1952, and there were visible marks on the back cellar door of a forcible entry. The policy covered the loss of "property, furniture, fixtures and equipment" not exceeding $250 from burglary "by means of felonious entry by actual force"; and loss of money not exceeding $250 taken from "any night depository in a bank, or from within the house or apartment occupied as a residence; * * * or from within a safe or vault in such premises". While appellee admits the money taken does not come within these quoted provisions of the policy, she contends that when the policy is read as a whole and construed in favor of the insured it does allow recovery for the stolen money. Her argument is that money is equipment, as the business could not be run without money in the cash drawer.

Appellee is correct that insurance policies are construed strictly against the insurer and liberally in favor of the insured so as not to defeat the intended purpose of the policy. Life & Casualty Ins. Co. of Tenn. v. Metcalf, 240 Ky. 628, 42 S.W.2d 909. But this does not mean that courts in giving a liberal construction to a policy can ascribe to it a meaning not coming within the limits of the language of the contract of insurance. Nor can courts read into it conditions and terms not incorporated therein.

Here, the policy particularly limited the recovery on money stolen by a burglar to that in a safe or vault, in a night depository in a bank, or in a house or apartment occupied as a residence. Patently, money taken from a cash drawer and from a music box in appellee's cafe, which was not occupied by her as a residence, under any construction does not come within the terms of the policy. Nor can it be said with reason

the word "equipment" used in the policy was intended by the parties to include money.

The court erred in permitting appellee and her husband to testify relative to the money, and the instructions were erroneous in including the amount of this money in the sum which appellee might recover on the policy, since the money was not included in the terms of the policy.

The motion for an appeal is sustained, the appeal is granted and the judgment is reversed for proceedings consistent with this opinion.