382 F.2d 564
 Floyd HARDESTY, Administrator of the Estate of Allie Pesterfield, deceased, and Ivera Weaver, surviving next of kin of Jimmy Darrell Hamblin, deceased, and for the Use and Benefit of the Estate of Jimmy Darrell Hamblin, Appellants,
v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, a foreign insurance company, Appellee.
 No. 9300.
 United States Court of Appeals Tenth Circuit.
 August 28, 1967.
 Rehearing Denied October 30, 1967.
 
 Frederick A. Smith, Truth or Consequences, N. M., for appellants.
 Joseph A. Sharp, of Best, Sharp, Thomas & Glass, Tulsa, Okl., for appellee.
 Before WILBUR K. MILLER*, LEWIS, and BREITENSTEIN, Circuit Judges.
 LEWIS, Circuit Judge.
 
 
 1
 Appellants, having obtained judgments in the state courts of Oklahoma against Fred Ennis, Jr., seek to impose liability upon the appellee insurance company for partial payment of such judgments in the sum of $20,000 pursuant to the terms of an automobile liability policy issued to Fred Ennis, Sr. and covering, in addition to Ennis, Sr., as named insured, any relative of the named insured "who is a resident of the same household." The determinative issue is whether Ennis, Jr. was a resident of his father's household at the time of the accident giving rise to liability.
 
 
 2
 In an earlier consideration of this case, Hardesty v. State Farm Mutual Automobile Insurance Co., 361 F.2d 176, we held that Ennis, Sr. could legally maintain two households provided "he was the head or manager of each * * * [and] that one of his households could have been located at the Trenton Street place separate and apart from his sisters' even though he had no exclusive dominion or control over the house * * *."[1] We also pointed out that even if the jury should find that Ennis, Sr. had two households such finding would not be totally determinative of the case for appellants had the further burden of proving that Ennis, Jr. was a member of his father's household on Trenton Street, noting that there was "strong and cogent evidence tending to show that as a resident of the Trenton Street place, the son was a member of his aunts' household and not his father's. The sufficiency of the contradictory evidence to go to the jury on this point is a matter which we leave to the trial court in the first instance on remand." (at page 178).
 
 
 3
 On remand the trial court did not retry the case but gave reconsideration to the original record[2] and held that under the evidence reasonable men could only conclude that Ennis, Jr. was a member of the household of the three sisters at Trenton Street regardless of whether Ennis, Sr. had or did not have a household at such place. Judgment was entered for appellee and this appeal followed.
 
 
 4
 We must again reverse. In Aetna Casualty & Surety Co. v. Means, 382 F.2d 26, 1967, this court held that a son might be a resident of two households stating that the words "resident of the same household" as contained in an insurance policy do not constitute a term of art which would dictate a particularized legal inference to be drawn from family relationships. The function of the court remains, then, to submit to the jury consideration of evidentiary facts from which different permissible inferences may be drawn. Aetna Casualty & Surety Co. v. Means, supra.
 
 
 5
 We reiterate that there is strong and cogent evidence in the record which would lead the fact finder to the conclusion that Ennis, Jr. was residing in the household of his aunts who had reared and educated him since he was eight weeks old with a minimum of assistance of any kind from his father. Weighty as this evidence may be, and thus proper for the trial court's consideration in the discretionary function of ruling upon motions for new trial, we cannot say such evidence dictates a "one-way" verdict as a matter of law. We must review appellants' evidence in the light most favorable to their contentions and, in the present posture of this case, must assume that Ennis, Sr. did maintain a household at Trenton Street. Continental Ore Co. v. Union Carbide & Carbon Corp., 370 U.S. 690, 82 S.Ct. 1404, 8 L.Ed.2d 777; Young v. Vincent, 10 Cir., 310 F.2d 709. So viewed, appellants presented evidence establishing or tending to establish among other things that:
 
 
 6
 1. Ennis, Jr. was the minor son of Ennis, Sr. and in his legal custody by virtue of a divorce decree.
 
 
 7
 2. Ennis, Jr. resided in a house where Ennis, Sr. maintained a household.
 
 
 8
 3. Father and son took their meals together.
 
 
 9
 4. Ennis, Sr. had, from time to time, contributed in part to the cost of food at Trenton Street.
 
 
 10
 5. Ennis, Sr. provided his son with small amounts of spending money and occasionally helped to provide clothing.
 
 
 11
 6. Ennis, Sr. exercised some parental control over his son.
 
 
 12
 7. Ennis, Jr. had been allowed to drive a car belonging to his father both before and after the accident.
 
 
 13
 We hold that the trial court erred in dismissing appellants' action. Other contentions of error presented by appellants are without merit.
 
 
 14
 Reversed with instructions to grant a new trial.
 
 
 
 Notes:
 
 
 *
 Of the United States Court of Appeals for the District of Columbia Circuit, sitting by designation
 
 
 [1]
 The factual background pertinent to the inquiry of whether Ennis, Sr. maintained two households is set forth in the opinion. And although not specifically so stated in the opinion, our consideration and holding was made in recognition of the fact that there was no allocation of space made between Ennis, Sr. and his sisters at the Trenton Street home
 
 
 [2]
 We did not anticipate this interpretation of our mandate although, in retrospect, it is perhaps understandable