OLD RELIABLE INSURANCE
COMPANY, Appellant,

v.

Horace W. BROWN, Administrator of
the Estate of Lenore
Brown, Appellee.

Court of Appeals of Kentucky.

Nov. 18, 1977.

Galen J. White, Jr., William P. Swain, Thomas H. Watson, Boehl, Stopher, Graves & Deindoerfer, Louisville, for appellant.

Reford H. Coleman, Collier, Arnett, Coleman & Cooper, Elizabethtown, for appellee.

Before MARTIN, C. J., and COOPER and HOWARD, JJ.

MARTIN, Chief Judge.

This is an appeal from a Hardin Circuit Court judgment in the amount of $10,000

for appellee, the plaintiff below. Appellee's wife was killed as the result of an auto accident caused by an uninsured motorist, on January 23, 1973. In the circuit court proceedings appellee was allowed to recover from appellant under the "Family Protection Coverage" of the Browns' daughter Bonnie Sue's auto insurance policy.

■ The major question for our determination is whether the trial court erred in finding that coverage existed because the deceased was a "resident of the same household" as her daughter. It is unquestioned that Bonnie Sue was not living at her parents' home in Brandenburg, Kentucky, at the time of the accident. She had departed in October, 1971 for Houston, Texas, to seek employment and live with her sister. After the sister and her husband moved to Chicago, Bonnie Sue rented her own apartment and kept her job with an insurance company. This was her situation at the time of the accident.

■ The term "residence" is defined as a factual place of abode or living in a particular locality. *Black's Law Dictionary,* 4th ed., p. 1473. Since appellee concedes that Bonnie Sue was not an actual resident of the same household as her deceased mother, appellee bases his argument in support of coverage on the indefinite nature of Bonnie Sue's plans and her lack of intention to abandon her home.

We are of the opinion that Bonnie Sue's "floating intentions" are typical of the recently emancipated young adult. Her vague intention of returning "home" does not support the conclusion that she and her mother were residents of the same household. She was not dependent on her parents for support and had maintained a separate residence in a distant locale for over a year at the time of the accident.

The trial court further based its conclusion of coverage on the fact that Bonnie Sue's brother John, who still resided with his parents, was listed on Bonnie Sue's application for insurance as using the insured vehicle 50% of the time. By virtue of this and because John became the family's principal driver upon Bonnie Sue's departure, the trial court concluded that John occupied the status of an additional insured under the policy.

■ The trial court erred in reaching this conclusion because the court may not read into a policy of insurance conditions and terms which are not incorporated therein. *United States Fidelity and Guarantee Co. v. Lairson,* Ky., 271 S.W.2d 897 (1954). Bonnie Sue Brown was the sole named insured on the face of the policy. The policy further defined "insured" as: "(1) The named insured as stated in the policy . . and any other person designated as the named insured in the schedule." John Brown's name does not appear on any portion of the policy. Therefore, John was not a principal insured under this contract, and coverage for his mother could not attach through him.

For these reasons, the judgment of the circuit court is reversed.

All concur.