Earle C. PERRY, Administrator of the Estate of Christian Perry Ayers, Deceased, Appellant,

v.

MOTORISTS MUTUAL INSURANCE COMPANY, Appellee.

No. 92–SC–597–DG.

Supreme Court of Kentucky.

July 1, 1993.

William B. Hoffman, Mulhall, Turner, Hoffman & Coombs, Louisville, for appellant.

Perry Adanick, Richard G. Segal, Louisville, for appellee.

WINTERSHEIMER, Justice.

This appeal is from a decision of the Court of Appeals that reversed a judgment based on a jury verdict which found that Christian Perry Ayers was a resident of the household of Earle C. Perry at the time of her death and therefore that Motorists Mutual Insurance Company was liable for underinsured motorist coverage.

At trial the sole issue was the residency of the deceased daughter. On appeal the primary issue is whether residency was a question of fact for the jury to determine or whether it was a matter of law for the judge to decide. It was the insurance company which requested a jury trial and successfully argued at that level that residency was a question of fact. It now contends that residency is a question of law.

Approximately 12 hours after her marriage, Christian Perry Ayers, the 18–year-old daughter of Earle C. Perry, was killed in a one-car traffic accident which also claimed the life of her 17–year-old husband, William "Pete" Ayers. Earle C. Perry, as administrator of his daughter's estate, filed suit for underinsured benefits against his insurance carrier, Motorists Mutual Insurance Company. He argued that Christian was still a resident of his household and thus was entitled to coverage as an insured family member under the policy. The policy of insurance did not define the term "resident". A circuit court jury found that the daughter was a resident for purposes of the policy. The Court of Appeals reversed the jury verdict and this Court granted discretionary review.

The undisputed facts indicate that three to four weeks prior to the marriage, Christian stayed in the home of Pete's aunt in Pleasureville where Pete was also temporarily residing. Although the evidence indicates that Christian initially intended to stay only one night, she extended her visit until the wedding day. During that period she returned to her father's house to pick up additional belongings but at the time of her death, approximately 90 percent of her belongings were still at her father's house according to his testimony. Christian kept her key to her father's house which remained her mailing address. The evidence indicates that the living arrangements for the newlyweds had not been settled at the time of their tragic deaths.

The Court of Appeals adopted the reasoning of a Louisiana case and held that where the underlying facts are not in dispute, the ultimate question of residency is a matter of law and not a question of fact and reversed the circuit court jury verdict. We disagree.

■■■ There is no Kentucky case directly on point defining residency in situations like this one. Residency and intent are questions of fact and not of law where the evidence supports more than one inference upon which reasonable minds may differ. Therefore, this case was properly submitted to the jury on the question of whether the deceased was a resident of her father's house. Under the facts of this case, the intent of the decedent was primary in determining her residence. Where different inferences can be drawn from undisputed facts, intent is a question of fact and not of law. *James Graham Brown Foundation, Inc. v. St. Paul Fire & Marine Insurance Co.*, Ky., 814 S.W.2d 273 (1991).

■■■ Legal residency is based on fact and intention. *Ellison v. Smoots, Admr.*, 286 Ky. 768, 151 S.W.2d 1017 (1941). As to what is or was one's residence often presents difficult questions and each case must be disposed of on its own peculiar facts. *Burr's Admr. v. Hatter,* 240 Ky. 721, 43 S.W.2d 26 (1931). *See* 28 C.J.S. *Domicile* § 19 (1941). Kentucky case law has previously defined residence as a "factual place of abode or living in a particular locality." *Old Reliable Insurance Co. v. Brown,* Ky.App. 558 S.W.2d 190 (1977). Whether a new residence has been acquired or an old residence abandoned is dependent on the totality of all facts and circumstances. *Cf. Hatter, supra.* Several other jurisdictions favor the role of the jury and not the bench to determine residency. *Blanchard v. Peerless Ins. Co.,* 958 F.2d 483 (1st Cir.1992); *Hardesty v. State Farm Mutual Ins. Co.,* 382 F.2d 564 (10th Cir.1967).

Even Corpus Juris Secundum, however, acknowledges the potential confusion in deciding whether residency is a question of law or fact. C.J.S. states that:

Where the facts are conflicting, it is a mixed question of law and fact but when the facts are settled, it is a question of law. Commonly, however, the question is one of fact rather than law. So far as it involves questions of fact, including the ascertainment of the intention of the party, it is a question for the jury and its determination is conclusive unless clearly against the weight of the evidence.

28 C.J.S. *Domicile* § 19 (1941). *See also* Annotation: "Who is 'Member' or 'Resident' of Same Family or Household, Within No–Fault or Uninsured Motorist Provisions of Motor Vehicle Insurance Policy." 96 A.L.R.3d 804 (1970) noted by the Court of Appeals opinion.

■ Intent, where different inferences can be drawn from undisputed facts, is a question of fact and not of law. *Brown, supra.* *Wilson v. Seiter,* 893 F.2d 861 (6th Cir.1990), which was vacated on grounds other than the question of summary judgment, observed that the determination of state of mind usually entails a drawing of factual inferences as to which reasonable men might differ which is a traditional function of the jury. Summary judgment can often be inappropriate to resolve an issue of this nature. *Wilson, supra.* Here, the record supports several possible permissible inferences as to the intent of the decedent, and the inferences and conclusions to be drawn are questions of fact for the jury. In this case, whether Christian's intent was to abandon the residence of her father's home and whether she had in so doing, developed sufficient intent to establish a new residence, is a factual determination to be made by the jury.

■ There was no prejudicial error in the inclusion of the definition of "residence" in the jury instructions. A person may have more than one place of residence at any given time and maintain a permanent place of residence even though he or she may live elsewhere temporarily. *Cf. Heite's Admr. v. Heite's Admr,* 265 Ky., 786, 97 S.W.2d 811 (1936). There were several witnesses who testified that Christian and Pete were only staying with Aunt Edna temporarily and that any residence established by Christian away from her father's home was only temporary.

■ In any event the policy did not define the term "residence" and generally an ambiguous term must be construed in such a manner as to favor insurance coverage rather than to restrict it.

■ In the past we recognized the argument by the insurance company that the common law presumes that the residence of a wife is that of her husband. *Brewer v. Brewer,* 268 Ky. 625, 105 S.W.2d 582 (1937). However, any difference between spouses based on gender is no longer a valid distinction and inconsistent with and is squarely in conflict with the facts of modern day life. Here, however, the Kentucky definition of residence as "a factual place of abode or living in a particular locality" as used by *Old Reliable Insurance Co., supra,* requires determination by a finder of fact. We also recognize that Kentucky law permits summary judgment on the question of intent. *Cf. James Graham Brown, supra.* However, in this case, the summary judgment was not appropriate because of a substantial disputed area of fact including the factual question of intent and because the record does not compel only one reasonable inference.

Reliance upon the Louisiana case of *Hamilton v. State Farm Mutual Automobile Insurance Co.,* La. Court of Appeals, 364 So.2d 215 (1979), is misplaced because that case is factually distinguishable from this situation. In that case, there were admissions by the claimant that he had no intention of living with his parents and that their home was being used only for storage.

The decision of the Court of Appeals is reversed and the verdict of the jury and the circuit court is reinstated.

COMBS, LAMBERT, LEIBSON, REYNOLDS, SPAIN and WINTERSHEIMER, JJ., concur.

STEPHENS, C.J., dissents by separate opinion.

STEPHENS, Chief Justice, dissenting.

Respectfully, I dissent

The Court of Appeals, under this specific factual situation, was correct in reversing the

judgment based on a jury verdict that found Christian Perry Ayers to be a resident of the household of her father at the time of death.

The facts of this case are as follows: Twelve hours after appellant's daughter, Christian Perry, married William "Pete" Ayers, the newlyweds were involved in a one car accident. The accident killed both Christian and Pete. At the time of their deaths Christian was eighteen years old and Pete was seventeen years old. The three or four weeks prior to the marriage Christian had been staying with Pete at his aunt's and uncle's home. While Christian originally intended to spend only one night with Pete's relatives, she never returned to her father's home other than to retrieve some belongings or mail. Christian did retain a key to her father's home; however, there was no indication that the couple would not continue to stay with the aunt and uncle.

In this factual situation, I agree with the Court of Appeals that as a matter of law the jury verdict was improper and, as a matter of law, Christian's residence was that of her husband, not that of her father.