John S. Kelley, Jr., Bardstown, for appellant.

James P. Dilbeck, Bennett, Bowman, Triplett & Vittitow, Louisville, for appellee.

Before WILHOIT, C.J., and COMBS and GUIDUGLI, JJ.

### OPINION

WILHOIT, Chief Judge.

George L. Metcalf appeals from the order of the Bullitt Circuit Court dismissing his claim for underinsurance benefits against the appellee.

The underlying facts in this action are essentially uncontroverted. The appellant was injured in a three-car auto accident occurring on June 1, 1989. At the time, he was driving an auto for his employer, Heaven Hill Distilling Company (Heaven Hill). Liberty Mutual Insurance Company (Liberty Mutual) provided Heaven Hill with workers' compensation insurance and auto insurance for its vehicles. The auto insurance policy provided $60,000 in underinsured and no-fault coverage.

The appellant subsequently filed suit against the drivers of the other vehicles involved in the June 1 accident. Both drivers were insured by the appellee, State Farm Mutual Automobile Insurance Company. The appellee also insured the appellant's per-

George L. METCALF, Appellant,

v.

STATE FARM MUTUAL AUTO INSURANCE COMPANY, Appellee.

No. 96–CA–0041–MR.

Court of Appeals of Kentucky.

May 2, 1997.

sonal car with a policy which included underinsured motorist coverage of $60,000.

Thereafter, the appellant amended his complaint to add both the appellee and Liberty Mutual, alleging entitlement to underinsurance benefits provided by both the insurance policy purchased by Heaven Hill and his personal insurance policy.

Prior to trial, the appellant had received $10,000 in no-fault benefits and had settled his claims against the tortfeasor for $50,000, the tortfeasor's policy limit. The appellant also entered into a settlement agreement with Liberty Mutual by which he received $50,000 of the potential $60,000 underinsurance coverage provided by its policy.

The appellee moved to dismiss the action, contending that because only $50,000 of Liberty Mutual's coverage was actually exhausted, the underinsured coverage provided by its policy did not take effect. The trial court agreed, finding that Liberty Mutual provided the primary underinsurance coverage on the appellant's claims against the tortfeasor and that the appellee only provided excess underinsurance coverage. The court concluded that because the appellant settled with the primary underinsurance carrier for less than its policy's limits, he did not have a valid underinsurance claim against the appellee. This appeal followed.

The appellant maintains that, regardless of the settlement, the appellee retains its contractual obligation to provide excess underinsurance coverage if he can prove that his actual loss would have exhausted all primary insurance coverage. In this case, the appellee's underinsurance coverage would apply only to loss greater than $120,000, inasmuch as that was the total coverage provided by the primary insurance carriers, even though the appellant had actually collected only $110,000 of those potential benefits. The appellee retorts that the appellant's settlement of his claim against the primary underinsurance carrier for less than the stated policy limits extinguished his claim for any excess underinsurance coverage.

First, we must note that, as found by the trial court under the facts of this case, Liberty Mutual is the primary carrier of underinsured coverage. *See also Hamilton Mut. Ins. Co. v. United States Fidelity & Guaranty Co.*, Ky.App., 926 S.W.2d 466 (1996).

The terms of the policy provided by the appellee stated as follows:

> If the insured sustains bodily injury while occupying a vehicle not owned by you, your spouse, or any relative, this coverage applies:
>
> a. as excess to any underinsured motor vehicle coverage which applies to the vehicle as primary coverage.

The appellant's claim is one in the nature of a contract claim in which he need prove the amount of damages caused by the tortfeasor's action. *See Coots v. Allstate Ins. Co.*, Ky., 853 S.W.2d 895, 899 (1993). The policy merely specifies that coverage only attaches to damages in excess of the primary underinsurance carrier's contracted coverage. The actual amount paid by the primary carrier due to either settlement, insolvency, or a number of other factors unrelated to appellant's actual damages, does not affect the contract's term. *See generally id.; Hendrix v. Fireman's Fund Ins. Co.*, Ky.App., 823 S.W.2d 937 (1991).

We are unable to distinguish this action from the facts presented in *American Automobile Ins. Co. v. Bartlett*, Ky., 560 S.W.2d 6 (1977). In *Bartlett*, the plaintiff was involved in an automobile accident in which she was a passenger in the tortfeasor's car. Total coverage provided by the tortfeasor's insurance carrier was $35,000; however, the plaintiff settled her claim prior to trial for only $25,000. The plaintiff later went to trial seeking uninsured motorist coverage under her personal insurance policy. The jury returned a verdict assessing the plaintiff's damages at $34,000.29. The trial court subtracted $25,000, the amount of the settlement, and entered judgment against the insurance company for $9,000.29, the difference. The Supreme Court of Kentucky reversed the decision, concluding that her excess uninsured policy would be effective only to the extent that the verdict was in excess of $35,000, the primary coverage limits. *Id.*

In the case at hand, the same procedure is appropriate. The appellant must be given the opportunity to prove his entitlement to coverage regardless of prior settlements. To hold otherwise would hinder the long standing policy of encouraging the settlement of disputes outside the litigation process. As a result, the appellant may recover from the appellee if he can show that he has sustained bodily injury in excess of applicable primary coverage, i.e., $120,000.

The order of the Bullitt Circuit Court is reversed, and this case is remanded for further proceedings consistent with this opinion.

All concur.