[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Bringing forth a single assignment of error, plaintiff-appellant Lydia Schroder appeals the judgment of the Hamilton County Court of Common Pleas granting a $25,000 offset against the amount of uninsured motorist ("UM") coverage that defendant-appellee GRE Insurance Group/The Midwestern Co. ("Midwestern") owed to Schroder. For the following reasons, we reverse the judgment of the trial court and hold that Midwestern is only entitled to a $12,500 offset.
The issue regarding the offset was submitted to the trial court upon stipulated facts. On February 22, 1998, Schroder and Ryan Gehring were passengers in an automobile driven by James Bloom and owned by Bloom's mother, Diana Lewis. Schroder, Gehring, and Bloom sustained injuries in an accident caused by Patricia Yett. At the time of the accident Yett was uninsured. Schroder's monetary damages totaled $35,000.
Bloom was insured under his mother's insurance policy, which was underwritten by Allstate Insurance Company ("Allstate"). That policy provided UM coverage in the amounts of $50,000 per accident and $25,000 per person. Allstate paid $25,000 to Bloom, which left only $25,000 for both Gehring and Schroder to pursue. At the time that Schroder filed her claim against Allstate, Gehring had already reached a tentative settlement with Allstate for his claim for $12,500. Schroder agreed to settle her claim for the remaining $12,500.
Schroder was also an insured under her parents' Kentucky insurance policy issued by Midwestern. That policy provided for UM coverage in the amount of $250,000. The Midwestern policy contained an "other insurance" clause that provided that "any insurance we provide * * * for a vehicle you do not own shall be excess over any other collectible insured/uninsured motorists insurance." Thus, Midwestern was treated as an excess carrier for UM coverage here.
In the trial court, the parties agreed and the court held that Kentucky law governed the dispute. In ruling that Midwestern was entitled to a $25,000 offset, the contracted amount for UM coverage under the Allstate policy, the court relied upon Metcalf v. State Farm.[1] In that case, the Kentucky Appeals Court held that when an insured settles with the primary insurance carrier for less than the contracted coverage and then seeks underinsured motorist coverage from an excess carrier, the excess carrier is entitled to an offset in the full amount of the primary carrier's contracted coverage.[2]
But Metcalf is distinguishable from the case sub judice. In Metcalf, the insured voluntarily settled with the primary carrier for less than the contracted coverage, permitting the insurance carrier to retain the difference between the contracted coverage amount and the settlement amount. Here, the limits of the primary Allstate policy were exhausted and divided between Schroder and Gehring; there was no available money left for Schroder to pursue.
It is the public policy of Kentucky to construe insurance contracts in such a manner as to favor insurance coverage rather than to restrict it.[3] For that reason, we hold that, under these facts, the settlement amount of $12,500, which was the most money Schroder could have realistically obtained from Allstate, and not the contracted coverage amount, should be offset against Schroder's claim for UM coverage against Midwestern.
Accordingly, the judgment of the trial court is reversed and this cause is remanded to enter judgment accordingly. Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Painter, P.J., Doan and Hildebrandt, JJ.
[1] Metcalf v. State Farm Mut. Auto Insurance Co. (Ky.App. 1977),944 S.W.2d 151.
[2] Id. at 152.
[3] Perry v. Motorist Mut. Ins. Co. (1993), 860 S.W.2d 762.