RENDERED:  JANUARY 26, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-0203-MR

JESSICA HILL                                                      APPELLANT

APPEAL FROM JEFFERSON CIRCUIT COURT
v.          HONORABLE TRACY E. DAVIS, JUDGE
ACTION NO. 21-CI-005320

STATE FARM MUTUAL
AUTOMOBILE INSURANCE
COMPANY AND TYLER DELONJAY                                        APPELLEES

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  THOMPSON, CHIEF JUDGE; GOODWINE AND McNEILL, JUDGES.

THOMPSON, CHIEF JUDGE:  Jessica Hill appeals from the order dismissing her claims against State Farm Mutual Automobile Insurance Company ("State Farm") entered by the Jefferson Circuit Court on January 20, 2023 and amended on February 8, 2023.  After a careful review of the record, briefs, and applicable law, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

On August 5, 2020, Tyler Delonjay – a 17-year-old minor living with his aunt, Suzanne Small – obtained permission and borrowed her vehicle to go to a friend's house. Unfortunately, Tyler ran into a vehicle operated by Appellant. Appellant was injured and ultimately sued Tyler, Suzanne, State Farm, and Tyler's father, Jason Delonjay.[1]

As part of the litigation, multiple depositions were taken, including testimony by Tyler, Jason, and Suzanne, all of whom testified that Tyler lived with Jason until May 2020, and then moved in with Suzanne until after the accident. When Tyler moved from Jason's house, he left nothing except his bed, dresser, and television, which he later purchased from his father. Because Tyler and Jason were struggling to get along, Tyler had no intention of moving back to Jason's house and has not spent a night there since he left. Eventually, Jason moved the trial court for a judgment on the pleadings, which was granted, and the claims against him were dismissed with prejudice.

Appellant moved the trial court for summary judgment against State Farm, asserting that Tyler was insured as a resident relative under Jason's State Farm policy. State Farm filed a cross-motion for summary judgment and response in opposition to Appellant's motion for summary judgment, denying coverage

---

[1] Jason Delonjay had an automobile insurance policy with State Farm.

based on the policy's language defining "resident relative" as one "who resides primarily with the first person shown as a named insured on the Declarations Page," and the fact that Tyler did not primarily reside with Jason at the time of the accident. (Emphasis omitted.)

On the same day Appellant filed her reply and noticed submission of the matter for final adjudication, the trial court entered its order granting State Farm's motion for summary judgment. Appellant then moved to have the order amended to include the finality language required by CR[2] 54.01(1). That motion was granted, and this appeal followed.

## STANDARD OF REVIEW

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, stipulations, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." CR 56.03. "[T]he proper function of summary judgment is to terminate litigation when, as a matter of law, it appears that it would be impossible for the respondent to produce evidence at the trial warranting a judgment in his favor." *Steelvest, Inc. v. Scansteel Serv. Ctr., Inc.*, 807 S.W.2d 476, 480 (Ky. 1991).

---

[2] Kentucky Rules of Civil Procedure.

An appellate court's role in reviewing an award of summary judgment is to determine whether the trial court erred in finding no genuine issue of material fact exists, and the moving party was entitled to judgment as a matter of law. *Scifres v. Kraft*, 916 S.W.2d 779, 781 (Ky. App. 1996). A grant of summary judgment is reviewed *de novo* because factual findings are not at issue. *Pinkston v. Audubon Area Cmty. Servs., Inc.*, 210 S.W.3d 188, 189 (Ky. App. 2006) (citing *Blevins v. Moran*, 12 S.W.3d 698, 700 (Ky. App. 2000)).

## ANALYSIS

On appeal, Appellant argues that the trial court erred by entering summary judgment in favor of State Farm because State Farm's policy definition of "resident relative" is ambiguous and should be construed against its drafter. As previously mentioned, the policy defines "resident relative" as one "who resides primarily with the first person shown as a named insured on the Declarations Page[.]" (Emphasis omitted.)

It is well-established that "residence" may mean legal residence or domicile, or an actual residence where one may be temporarily abiding. *See Burr's Adm'r v. Hatter*, 240 Ky. 721, 43 S.W.2d 26, 27 (1931); *Old Reliable Ins. Co. v. Brown*, 558 S.W.2d 190, 191 (Ky. App. 1977); *Perry v. Motorists Mut. Ins. Co.*, 860 S.W.2d 762, 764 (Ky. 1993). To interpret which type of residence is meant under the policy, we must consider "what could be reasonably expected by the

insured from the plain contract language, as it is controlling." *Foreman v. Auto Club Prop. Cas. Ins. Co.*, 617 S.W.3d 345, 350 (Ky. 2021). Given the modifier "primarily," it only makes sense that the policy herein refers to one's actual residence. In other words, the residence in which one is living with an intent to make that residence their abode. Accordingly, we cannot say that the policy's definition is ambiguous.

In the alternative, Appellant argues the case should be remanded for a jury determination of whether Tyler was a "resident relative" under the policy.

> Legal residency is based on fact and intention. As to what is or was one's residence often presents difficult questions and each case must be disposed of on its own peculiar facts. Kentucky case law has previously defined residence as a "factual place of abode or living in a particular locality." Whether a new residence has been acquired or an old residence abandoned is dependent on the totality of all facts and circumstances.

*Perry*, 860 S.W.2d at 764 (citations omitted). "Residency and intent are questions of fact and not of law where the evidence supports more than one inference upon which reasonable minds may differ." *Bratcher v. State Farm Fire and Casualty Company*, 642 S.W.3d 724, 727 (Ky. App. 2021) (internal quotation marks and citation omitted). Appellant claims that whether Tyler intended to live with his aunt and maintain a new primary residence is a question of fact for the jury.

Generally, Appellant would be correct, and this matter would need to be remanded for a jury trial to determine Tyler's residency; however, based on the

particular facts of this case, such a remand is unnecessary. "[W]hen no questions of material fact exist or when only one reasonable conclusion can be reached, the litigation may still be terminated." *Dishman v. C & R Asphalt, LLC*, 460 S.W.3d 341, 346 (Ky. App. 2014) (citation omitted). Here, there is only one reasonable conclusion based on the evidence presented to the trial court, and that conclusion is that Tyler was not primarily residing with his father at the time of the automobile accident.

The evidence indicated that Tyler physically resided with Suzanne at the time of the accident. In addition, Tyler's deposition testimony was that he did not intend on returning to live with his father. In fact, Tyler has never returned to live with his father, has not spent the night at his father's house, and only goes to Jason's house for holidays and birthdays. Jason also converted Tyler's old room into a walk-in closet. Finally, Tyler's personal belongings were removed from Jason's house and transferred to Suzanne's home. Tyler's bed, dresser, and television were left at Jason's residence; however, Jason testified that this was because Suzanne had provided those things for Tyler at her house. Based on this evidence, there is only one inference on which reasonable minds may conclude, that Tyler was not primarily residing with Jason.

While Tyler's driver's license, old court documents, and employment records indicated Tyler lived at Jason's residence, the acts and intentions of Tyler,

Jason, and Suzanne indicate that Tyler was not actually residing with Jason at the time of the accident. These documents would not cause a reasonable person to come to a different conclusion.

## CONCLUSION

Based on the foregoing, we affirm the judgment of the Jefferson Circuit Court.

ALL CONCUR.


BRIEFS FOR APPELLANT:

Marvin L. Coan
David L. Sage
Louisville, Kentucky

BRIEF FOR APPELLEE STATE
FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY:

Curt L. Sitlinger
Christopher D. Snead
Louisville, Kentucky